JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OLANREWAJU ODEDEYI

**DEFENDANTS**
AMERICAN AIRLINES

**(b)** County of Residence of First Listed Plaintiff: **Montgomery Cty., PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olanrewaju Odedeyi (Pro Se)
2142 Birch Drive, Lafayette Hill, PA 19444

Attorneys *(If Known)*
Ralph J. Kelly, Esq. - McShea Law Firm, P.C.
1500 Market St., 40th Fl., Philadelphia, PA 19102
215-599-0800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331, 1332, 1441; Montreal Convention, ICAO Doc. 9740, S. Treaty Doc. No. 106-45

Brief description of cause:
Action for damages for breach of contract, negligence and violation of the Montreal Convention

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $500,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| September 12, 2023 | /s/ Ralph J. Kelly |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

05/2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ____2142 Birch Drive, Lafayette Hill, PA  19444_____

Address of Defendant: ____4255 Amon Carter Blvd., Forth Worth, TX  76153_____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE IF ANY:**
Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: September 13, 2023     /s/ Ralph J. Kelly     39706
     *Attorney-at-Law (Must sign above)*     *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [X] All Other Federal Question Cases. *(Please specify):* Montreal Convention, ICAO Doc. 9740, S. Treaty Doc. No. 106-45

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Ralph J. Kelly, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: September 13, 2023     /s/ Ralph J. Kelly     39706
     *Attorney-at-Law (Sign here if applicable)*     *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLANREWAJU ODEDEYI, | : |
|                     Plaintiff, | : CIVIL ACTION NO._____ |
| v. | : |
| AMERICAN AIRLINES | : |
|                     Defendant. | : |

**NOTICE OF REMOVAL OF DEFENDANT AMERICAN AIRLINES, INC.**

Defendant, American Airlines, Inc. ("American" or "Defendant"), incorrectly designated by Plaintiff as "American Airlines," by and through its undersigned counsel, McShea Law Firm, P.C., and pursuant to 28 U.S.C. §§1441(a), 1331 and 1332, hereby removes to this Court an action pending in the Court of Common Pleas of Montgomery County, Pennsylvania. American submits the following short and plain statement of the basis for the removal as required by 28 U.S.C. § 1446(a):

**BACKGROUND REGARDING PLAINTIFF'S COMPLAINT AND ALLEGATIONS**

1. Plaintiff has refiled an action based on and including the same claims which he voluntarily dismissed against the same defendant. This is an action for violation of Sections 17 and 19 of the Convention for the Unification of Certain Rules for International Carriage by Air and a claim for negligence for injuries alleged to have been sustained by Plaintiff.

2. On or about February 7, 2023, Plaintiff commenced an action in the Magisterial District Court 38-1-23 in Lafayette Hill, Montgomery County, Pennsylvania, at Docket No. MJ-38123-cv-0000019-2023 by filing a complaint. A true and correct copy of the District Magistrate Complaint is attached hereto as Exhibit 1.

3. A hearing was held on March 28, 2023 before the Honorable District Magistrate Deborah Lukens and on March 30, 2023, a judgment was entered in favor of Defendant, dismissing Plaintiff's claims.

4. On April 5, 2023, Plaintiff appealed the District Magistrate judgment to the Court of Common Pleas of Montgomery County at Docket No. 2023-06003. A true and correct copy of the Notice of Appeal is attached hereto as Exhibit 2.

5. On April 10, 2023, Plaintiff filed a complaint alleging claims of breach of contract and negligence and seeking damages in an amount not exceeding $50,000. A true and correct copy of the Complaint is attached hereto as Exhibit 3.

6. On April 28, 2023, Defendant filed Preliminary Objections to the Complaint and on May 1, 2023, Plaintiff filed a pleading styled "Plaintiff First Amended Complaint" that alleged claims of breach of contract, negligence, and violation of Article 19 of the Montreal Convention, and sought damages in the amount of $50,000. A true and correct copy of the Plaintiff First Amended Complaint is attached hereto as Exhibit 4.

7. On May 2, 2023, Plaintiff filed a Praecipe to Withdraw First Amended Complaint and a Praecipe to Update Amount In Controversy. True and correct copies of these praecipes are attached hereto as Exhibits 5 and 6, respectively.

8. On May 2, 2023, Plaintiff filed another complaint, also styled as "Plaintiff First Amended Complaint." A true and correct copy of this "Plaintiff First Amended Complaint" is attached hereto as Exhibit 7. This complaint set forth claims of breach of contract, negligence, violation of Article 19 of the Montreal Convention, and violation of Article 17 of the Montreal Convention. Plaintiff also sought "compensatory damages, expectation damages, incidental damages, and consequential of $500,000 and punitive damages $1,000,000 . . . ." Plaintiff First Amended Complaint, Ex. 7, at Prayer For Relief.

9. Plaintiff's First Amended Complaint stated that the Defendant is a US-based airline and that Plaintiff suffered damages as a result of a canceled flight on May 5, 2022, and being denied boarding on a flight that occurred on January 23, 2023. Plaintiff First Amended Complaint, Ex. 7, at para. 2 and 3-20. Plaintiff alleged that he contracted COVID-19 as a result of the May 5, 2022 cancellation and that he was required to take ground transportation where COVID protocols were not enforced. Plaintiff First Amended Complaint, Ex. 7, at para. 33-58. With regards to the January 23, 2023 flight, Plaintiff claimed that he was not permitted to board the flight and had to take a flight later that day. Plaintiff First Amended Complaint, Ex. 7, at para. 7-20.

10. Plaintiff First Amended Complaint, Ex. 7, alleged four counts. Count I set forth a claim for breach of contract arising from both flights. Ex. 7, at para. 30-60. Count II asserted a claim for negligence arising from the May 5, 2022 flight cancellation and from the May 6, 2022 flight on which he traveled. Ex. 7, at para 61-84. Count III alleged violation of Article 19 of the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on May 28, 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 ("Montreal Convention"), arising from both flights. Ex. 7, at para. 85-89. Count IV alleged violation of Article 17 of the Montreal Convention arising from the May 5, 2022 flight cancellation and from the May 6, 2022 flight on which he traveled. Ex. 7, at para. 90-100.

11. On May 22, 2023, Defendant filed a Notice of Removal and removed the action to this Court on the basis of a federal question and diversity of citizenship. *See* Docket Report for *Odedeyi v. American Airlines*, No: 2:23-cv-01934, U.S.D.C. E.D. Pa., attached hereto as Exhibit 8.

12. On May 30, 2023, Defendant then filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *See* Ex. 8.

3

13. On June 1, 2023, Plaintiff filed a Response to the Motion to Dismiss. *See* Ex. 8.

14. On June 4, 2023, Plaintiff then filed a Praecipe to Attach/Substitute Response to Motion to Dismiss. *See* Ex. 8.

15. On June 8, 2023, Defendant filed a Reply Brief In Support Of Its Motion to Dismiss. *See* Ex. 8.

16. On that same date, Plaintiff then filed a Second Amended Complaint. *See* Ex. 8.

17. On June 13, 2023, the Court denied Defendant's Motion to Dismiss the First Amended Complaint as moot in light of Plaintiff's filing of the Second Amended Complaint. *See* Ex. 8.

18. On June 22, 2023, Defendant filed a Motion To Dismiss the Second Amended Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *See* Ex. 8.

19. On June 27, 2023, Plaintiff filed a Third Amended Complaint, seeking compensatory damages of $5,000,000 and punitive damages of $45,000,000, but failed to obtain the consent of the Defendant or seek leave of court, in violation of Fed.R.Civ.P. 12(f). *See* Ex. 8.

20. On July 11, 2023, Defendant moved to strike Plaintiff's Third Amended Complaint pursuant to Fed.R.Civ.P. 12(f) for failure to obtain the consent of Defendant or seek leave of court. *See* Ex. 8.

21. On July 20, 2023, Plaintiff filed a Notice of Voluntary Dismissal and dismissed the action pursuant to Fed.R.Civ.P. 41. *See* Ex. 8.

22. On August 14, 2023, Plaintiff filed a new action in the Court of Common Pleas of Montgomery County at Docket No. 2023-18486 ("the State Court Action"). A true and correct copy of "Plaintiff [sic] Complaint" commencing this new action is attached hereto as Exhibit 9. This complaint sets forth claims for violation of Article 17 of the Montreal Convention, violation of Article 19 of the Montreal Convention and negligence arising from the cancellation of Plaintiff's

May 5, 2022 flight from Montego Bay, Jamaica to Philadelphia and "the rescheduled flight to Philadelphia on May 6, 2022" (para. 22), on which Plaintiff traveled. Plaintiff seeks "compensatory damages in an amount over $75,000 together with punitive damages." Plaintiff Complaint, Ex. 9, at Prayer For Relief.

23. Plaintiff's Complaint states that the Defendant is a US-based airline and that Plaintiff suffered damages as a result of a canceled flight on May 5, 2022 and a "rescheduled flight" on May 6, 2022, on which Plaintiff traveled. Plaintiff Complaint, Ex. 9, at para. 6-40. Plaintiff alleges that he contracted COVID-19 either as result of the May 5, 2022 cancellation and that he was required to take ground transportation where COVID protocols were not enforced or as a result of the May 6, 2022 "rescheduled flight" on which he traveled. Plaintiff Complaint, Ex. 9, at para. 6-40.

24. Plaintiff's Complaint, Ex. 9, alleges three counts. Count I is a claim for violation of Article 17 of the Montreal Convention arising from the cancellation of the May 5, 2022 flight and the "rescheduled" May 6, 2022 flight. Ex. 9 at para. 90-93. Count II alleges a violation of Article 19 of the Montreal Convention arising from the May 5, 2022 flight cancellation and the ensuing "one-day flight delay." Ex. 9, at para. 94-101. Count III asserts a claim for negligence arising from the cancellation of the May 5, 2022 flight and that he was required to take ground transportation where COVID protocols were not enforced. Ex. 9, at para. 102-115.

## GROUNDS FOR REMOVAL

25. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332 because this Court has federal question jurisdiction over this action and there exists diversity of citizenship.

## REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1331

26. A district court has original jurisdiction over cases if the claim is one arising Federal question cases are those cases "arising under" federal law. *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003). Federal law are those cases arising under the Constitution, laws, or treaties of the United States. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

27. Plaintiff's claim raises a federal question on its face because he seeks to enforce rights under the Montreal Convention, a treaty of the United States.

28. Since Plaintiff's complaint raises a federal question on its face, it is properly removed to this federal Court.

29. A suit to enforce rights under the Montreal Convention raises a federal question and is removable to federal district court. *Schaefer-Condulmari v. US Airways Group, Inc.*, No. No. 09-cv-1146, 2009 WL 4729882 (E.D. Pa. 2009) (denying motion to remand holding that complaint was governed by the Montreal Convention and was properly removed to federal court).

30. The Supreme Court has held that a state cause of action is "really" a federal cause of action which may be removed to federal court if the federal cause of action completely preempts the state cause of action. *Franchise Tax Board of State of California v. Construction Laborers' Vacation Trust of Southern California*, 463 U.S. 1, 24 (1983).

31. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§ 1332(a)(1) AND 1441(a)

32. At the time this action was commenced and continuing to the present, Defendant was a corporation, incorporated under the laws of Delaware, with its principal place of business in the State of Texas. Thus, Defendant is a citizen of Delaware and Texas.

33. At the time this action was commenced and continuing to the present, Plaintiff was, based on paragraph 1 of Exhibit 9, a citizen of the Commonwealth of Pennsylvania, residing and domiciled at 2142 Birch Drive, Lafayette Hill, Pennsylvania 19444.

34. The amount in controversy, based on the express allegations in Plaintiff's Complaint, *see* requests for relief following para. 93 and 115 of Exhibit 9, exceeds the sum of $75,000, exclusive of interest and costs.

35. The State Court Action is removable from state court to the District Court of the United States pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1).

## THE REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN MET

36. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in state court in Montgomery County, Pennsylvania, which is located in the Eastern District of Pennsylvania.

37. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon American in the State Court Action are attached as Exhibit 9.

38. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is timely because it was filed within 30 days of American's receipt, by service or otherwise, of a copy of Plaintiff's Complaint referenced in paragraph 22 above. American received such Complaint on August 21, 2023.

39. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, American will give written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

40. By filing this Notice of Removal, American does not waive any defenses that may be available to it (including, without limitation, any defenses relating to service, process, and

jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

WHEREFORE, Defendant American Airlines, Inc. respectfully gives notice of and removes the State Court Action to this Court.

Dated: September 13, 2023                     *s/ Ralph J. Kelly*
                                              Ralph J. Kelly
                                              Pa. I.D. No. 39706
                                              McShea Law Firm, P.C.
                                              Centre Square, West Tower
                                              1500 Market Street, 40th Floor
                                              Philadelphia, PA 19102
                                              (215) 599-0800
                                              rkelly@mcshealawfirm.com

                                              *Attorney for Defendant*
                                              *American Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing Notice of Removal of Defendant American Airlines, Inc. to be served upon pro se Plaintiff on this 13th day of September, 2023 *via email* as indicated below:

> Olanrewaju Odedeyi
> 2142 Birch Drive
> Lafayette Hill, PA 19444
> waju.odedeyi@gmail.com

*s/ Ralph J. Kelly*
Ralph J. Kelly, Esquire